IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DARRYL ALLEN DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:12CV788 |
| v. | ) | 1:06CR316-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

Petitioner Darryl Allen Davis, a federal prisoner, has brought a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [1:06CR316-1, Doc. #18]. On November 8, 2006, Petitioner was convicted on one count of distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). He was then sentenced to 240 months imprisonment, which constituted the statutory mandatory minimum sentence based on an Information of Prior Conviction filed by the Government. Petitioner later filed the present Motion [Doc. #18].

Petitioner raises a single claim for relief in his Motion, which contends that his sentence under 21 U.S.C. § 841(b)(1)(A) is invalid in light of the decision of the Court of Appeals for the Fourth Circuit in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), because the Information of Prior Conviction filed in this case pursuant to 21 U.S.C. § 851 was based on a state conviction that was not punishable by more than one year of imprisonment. The Government filed a Response, conceding, based on Simmons, that the prior North Carolina conviction alleged in the Information of Prior Conviction would not qualify as a predicate felony

conviction in light of Simmons. In this regard, the Government concedes that, using the analysis set out in Simmons, Petitioner did not face more than a year of imprisonment for the prior conviction.

In addition, the Government has further affirmatively waived any statute of limitations defense or procedural defense that might otherwise apply.[1] The parties thus appear to agree that pursuant to the § 2255 Motion, Petitioner should be resentenced.[2] The Court has reviewed the

---

[1] The Court construes this concession as a waiver of any waivable defenses that might otherwise apply, and the Court will proceed on the basis of that waiver. See Day v. McDonough, 547 U.S. 198, 202 (2006) (holding that it would be "an abuse of discretion to override a State's deliberate waiver of a limitations defense"); Wood v. Milyard, 132 S. Ct. 1826, 1830 (2012) ("A court is not at liberty, we have cautioned, to bypass, override, or excuse a State's deliberate waiver of a limitations defense."); see also Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999) ("[T]he issue of procedural default generally is an affirmative defense that the state must plead in order to press the defense thereafter.").

[2] Thus, the Government has taken the position that Simmons applies on collateral review under 28 U.S.C. § 2255 with respect to the types of claims presented in this case, and that the claims raised here are cognizable in these proceedings. The Government's position would include claims by defendants such as Petitioner who received a sentence enhancement based on an Information of Prior Conviction filed pursuant to 21 U.S.C. § 851, if that enhancement is no longer supported by a predicate felony in light of Simmons, and the enhancement resulted in an increase in the applicable statutory mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A), based on an enhanced range of 20 years to life, rather than the otherwise-applicable range of 10 years to life, and if the enhanced mandatory minimum was above the otherwise-applicable sentencing range under the United States Sentencing Guidelines. The Court further notes that the Government has agreed that relief should be granted in this case, involving a sentence that was based on the mandatory minimum sentence in light of the Information of Prior Conviction, even though Petitioner's sentence was below the otherwise-applicable statutory maximum that would apply even without the enhancement. Cf. Alleyne v. United States, 133 S. Ct. 2151 (2013).

In addition, in taking these positions, the Government has agreed that Simmons announced a new substantive rule of criminal law. Cf. Teague v. Lane, 489 U.S. 289, 306 (1989) (noting that new procedural rules are generally not applicable on collateral review, but new substantive rules are applicable on collateral review); Schriro v. Summerlin, 542 U.S. 348, 353 (2004) (noting that "[a] rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes"). This Court notes that the recent decision of the Court of Appeals for the Fourth Circuit in United States v. Powell concluded that the decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), which preceded Simmons, was a procedural rule not retroactively applicable on collateral review. See United States v. Powell, 691 F.3d 554 (4th Cir. 2012). The Government has nevertheless taken the position that the decision in Simmons, unlike Carachuri, announced a new substantive rule of criminal law. Id.; see also United States v. Miller, Case No. 13-6254 (4th Cir.), Appellee's Brief filed March 29, 2013. However, in several recent unpublished decisions, the Court of Appeals for the Fourth Circuit has indicated that pursuant to Powell, Simmons is not retroactively applicable on collateral review. See, e.g., United States v. Peters, 2013 WL 1943801 (4th Cir. May 13, 2013). To the extent that Simmons may
(continued...)

state court judgment reflecting Petitioner's prior conviction that was set out in the Information of Prior Conviction, and the Court notes that Petitioner's prior conviction is reflected as a Class I felony with a prior record level of IV, sentenced in the presumptive range.  The maximum sentence he faced for that offense under North Carolina law, as analyzed in Simmons, was less than 12 months.  See N.C. Gen. Stat. § 15A-1340.17(c) and (d) (for offenses committed between Dec. 1, 1995 and Nov. 30, 2009).  Therefore, having reached this conclusion and in light of the agreement of the parties, this Court will recommend that Petitioner's Motion be granted, that his sentence be vacated, and that he be resentenced.

IT IS THEREFORE RECOMMENDED that Petitioner's Motion to Vacate, Set Aside or Correct Sentence [Doc. #18] be GRANTED, that the sentence set out in the Judgment [Doc. #16] be VACATED, and that this matter be set for resentencing.

This, the 2nd day of July, 2013.


United States Magistrate Judge

---

²(...continued)
be considered a procedural rule not retroactively applicable on collateral review under Teague v. Lane, the Court notes that the Teague rule is not jurisdictional and may be waived if not raised.  See, e.g., Collins v. Youngblood, 497 U.S. 37, 41 (1990) ("Although the Teague rule is grounded in important considerations of federal-state relations, we think it is not 'jurisdictional' in the sense that this Court, despite a limited grant of certiorari, must raise and decide the issue *sua sponte*."); Godinez v. Moran, 509 U.S. 389, 397 n.8 (1993); Schiro v. Farley, 510 U.S. 222, 229 (1994); Caspari v. Bohlen, 510 U.S. 383, 389 (1994) ("[A] federal court may, but need not, decline to apply Teague if the State does not argue it."); Frazer v. South Carolina, 430 F.3d 696, 704 n.3 (4th Cir. 2005). The Government has waived all such procedural bars in this case, which the Court construes as a waiver of any Teague bar that might apply if Simmons is construed as a procedural, rather than substantive, rule.  Therefore, this Court will accept the Government's concession and will recommend that relief be allowed based on that concession.